UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UDO DRESCHER,

                                        Plaintiff,        **ANSWER**

                -against-                                 05 CV 7541 (KMK)

The CITY OF NEW YORK; NEW YORK POLICE
OFFICER KEGHAM JARJOKIAN, Shield #1638,
40th Precinct, Bronx; and NEW YORK CITY
POLICE OFFICER JOHN DOE, being a presently
unidentified member of the New York City Police
Department, individually and in their official
capacities,

                                        Defendants
-------------------------------------------------------------------X


        Defendants City of New York and Police Officer Kegham Jarjokian, by their attorney,

Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the

Complaint, respectfully allege as follows:


        1.      Deny the allegations set forth in paragraph 1 of the Complaint, except admit that

plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph 2 of the Complaint, except admit that

plaintiff purports to seek damages as stated therein.


                                **JURISDICTION**

        3.      Deny the allegations set forth in paragraph 3 of the Complaint, except admit that

plaintiff purports to invoke the jurisdiction of this Court.

4.      Deny the allegations set forth in paragraph 4 of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court.

## VENUE

5.      Deny the allegations set forth in paragraph 5 of the Complaint, except admit that plaintiff purports to lay venue in this District.

## JURY TRIAL DEMANDED

6.      No response is required to plaintiff's jury demand in paragraph 6 of the Complaint.

## PARTIES

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Deny the allegations set forth in paragraph 8 of the Complaint, except admit that Officer Jarjokian was employed by the City of New York as a police officer at all relevant times.

9.      Deny the allegations set forth in paragraph 9 of the Complaint, except admit that (1) the City of New York is and was at all relevant times a municipal entity created and authorized under the laws of the State of New York, and (2) at the time of plaintiff's arrest and detention, the City of New York, acting through the NYPD, was Officer Jarjokian's employer.

10.     The allegations set forth in paragraph 10 of the Complaint constitute conclusions of law rather than averments of fact, such that no response is required.

## NOTICE OF CLAIM

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, except admit that on or about November 29, 2004, a

document purporting to be a notice of claim by plaintiff was received by the Comptroller's Office.

12.     Admit the allegations set forth in paragraph 12 of the Complaint.

13.     Deny the allegations set forth in paragraph 13 of the Complaint, except admit that plaintiff filed the complaint in this action on or about August 26, 2005.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, except deny that NYPD officers wrestled and knocked bicyclists to the ground so as to cause physical injuries.

33.     Deny the allegations set forth in paragraph 33 of the Complaint.

34.     Deny the allegations set forth in paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.    Deny the allegations set forth in paragraph 47 of the Complaint, except admit that Officer Jarjokian handcuffed plaintiff.

48.    Deny the allegations set forth in paragraph 48 of the Complaint.

49.    Deny the allegations set forth in paragraph 49 of the Complaint.

50.    Deny the allegations set forth in paragraph 50 of the Complaint.

51.    Deny the allegations set forth in paragraph 51 of the Complaint, except admit that plaintiff was put in a police vehicle and taken to Pier 57.

52.    Deny the allegations set forth in paragraph 52 of the Complaint.

53.    Deny the allegations set forth in paragraph 53 of the Complaint.

54.    Deny the allegations set forth in paragraph 54 of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.    Deny the allegations set forth in paragraph 56 of the Complaint, except admit that plaintiff was taken to Central Booking at 100 Centre Street.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.    Deny the allegations set forth in paragraph 59 of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Deny the allegations set forth in paragraph 61 of the Complaint.

62.     Deny the allegations set forth in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint, except admit that on December 8, 2004, on motion of the People, the charges against plaintiff were dismissed.

64.     Deny the allegations set forth in paragraph 64 of the Complaint.

65.     Deny the allegations set forth in paragraph 65 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations therein that plaintiff undertook considerable effort and expense as detailed therein.

66.     Deny the allegations set forth in paragraph 66 of the Complaint.

67.     Deny the allegations set forth in paragraph 67 of the Complaint.

### FIRST CLAIM: FALSE ARREST AND IMPRISONMENT

68.     Repeat and reallege their responses to paragraphs 1-67 of the Complaint as if fully set forth herein.

69.     Deny the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations set forth in paragraph 70 of the Complaint.

### SECOND CLAIM: MALICIOUS PROSECUTION (Federal Law)

71.     Repeat and reallege their responses to paragraphs 1-70 of the Complaint as if fully set forth herein.

72.     Deny the allegations set forth in paragraph 72 of the Complaint.

73.     Deny the allegations set forth in paragraph 73 of the Complaint.

### THIRD CLAIM: MUNICPAL LIABILITY

74.     Repeat and reallege their responses to paragraphs 1-73 of the Complaint as if fully set forth herein.

75.     Deny the allegations set forth in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77.     Deny the allegations set forth in paragraph 77 of the Complaint.

78.     Deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Complaint.

80.     Deny the allegations set forth in paragraph 80 of the Complaint.

81.     Deny the allegations set forth in paragraph 81 of the Complaint.

82.     Deny the allegations set forth in paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.     Deny the allegations set forth in paragraph 84 of the Complaint.

85.     Deny the allegations set forth in paragraph 85 of the Complaint.

86.     Deny the allegations set forth in paragraph 86 of the Complaint.

### FOURTH CLAIM: MALICIOUS PROSECUTION (State Law)

87.     Repeat and reallege their responses to paragraphs 1-86 of the Complaint as if fully set forth herein.

88.    Deny the allegations set forth in paragraph 88 of the Complaint.

89.    Deny the allegations set forth in paragraph 89 of the Complaint.

### FIFTH CLAIM: FALSE ARREST AND IMPRISONMENT (State Law)

90.    Repeat and reallege their responses to paragraphs 1-89 of the Complaint as if fully set forth herein.

91.    Deny the allegations set forth in paragraph 91 of the Complaint.

92.    Deny the allegations set forth in paragraph 92 of the Complaint.

### SIXTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.    Repeat and reallege their responses to paragraphs 1-92 of the Complaint as if fully set forth herein.

94.    Deny the allegations set forth in paragraph 94 of the Complaint.

95.    Deny the allegations set forth in paragraph 95 of the Complaint.

### SEVENTH CLAIM: NEGLIGENT HIRING, SCREENING, AND SUPERVISION

96.    Repeat and reallege their responses to paragraphs 1-95 of the Complaint as if fully set forth herein.

97.    Deny the allegations set forth in paragraph 97 of the Complaint.

98.    Deny the allegations set forth in paragraph 98 of the Complaint.

99.    Deny the allegations set forth in paragraph 99 of the Complaint.

**EIGHTH CLAIM: RESPONDEAT SUPERIOR LIABILITY OF CITY OF NEW YORK
FOR STATE LAW VIOLATIONS**

100.    Repeat and reallege their responses to paragraphs 1-99 of the Complaint as if fully

set forth herein.

101.    Deny the allegations set forth in paragraph 101 of the Complaint.


**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

102.    The Complaint fails to state a claim upon which relief can be granted.


**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

103.    Defendants have not violated any rights, privileges or immunities under the

Constitution , the laws of the United States, the laws of  the State of New York or any political

subdivision thereof, nor have defendants violated any act of Congress providing for the

protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

104.    Any injury alleged to have been sustained resulted from plaintiff's own culpable,

negligent, or intervening conduct or the culpable or negligent conduct of others, and was not the

proximate result of any act of defendants.


**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

105.    There was probable cause for plaintiff's arrest, detention, and/or prosecution.


**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

106.    At all times relevant to the acts alleged in the complaint, Defendant City of New

York, its agents, and its officials, acted reasonably in the proper and lawful exercise of their

discretion, such that Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

107.    Punitive damages cannot be recovered as against the Defendant City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

108.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

109.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion, such that Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

110.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

111.    This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

112.    There is no personal jurisdiction over defendants(s).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

113.    To the extent defendants used any force it was reasonable, necessary, and justified

to accomplish their official duties and to protect their own physical safety and the physical safety

of others.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety,

together with the costs and disbursements of this action, and such other and further relief as the

Court deems just and proper.

Dated:       New York, New York
             January 5, 2006

                                         MICHAEL A. CARDOZO
                                         Corporation Counsel of the City of New York
                                         *Attorney for Defendants*
                                         100 Church Street, Room 3-132
                                         New York, New York 10007
                                         (212) 788-1817

                                         By:              /S/
                                                 _____
                                                 Fred M. Weiler (FW 5864)
                                                 Assistant Corporation Counsel


TO:

Udo Drescher, Esq.
513 East 11th Street, #B2
New York, New York 10009-9007
*Attorney for Plaintiff*