**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

**MEMO ENDORSED**

August 7, 2007

By Fax
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street – Room 1960
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/07

Re:   *Drescher v. City of New York, et al.*, 05 Civ. 7541 (KMK)(JCF)

Dear Judge Francis:

I write to reply to SACC Fred Weiler's letter of yesterday, which was written in response to my letter application of July 30, 2007 seeking relief concerning the John Doe White Shirt Supervisor who arrested Plaintiff Udo Drescher

Mr. Weiler's arguments are odd indeed. Defendants seem to take the position that Plaintiff somehow ought to know the name, tax ID, command, or anything else about this supervisory-rank police official who arrested him and then vanished. That the City cannot determine who it was who arrested Mr. Drescher speaks volumes about the bogus nature of his arrest, and is emblematic of the pervasive incompetence and dishonesty displayed by the New York City Police Department during the RNC.

Mr. Drescher's "arresting officer," PO Kegham Jarjokian, who Mr. Weiler mentions cannot identify the John Doe White Shirt, was not in fact Mr. Drescher's actual arresting officer. The John Doe White Shirt was the individual who placed Mr. Drescher under arrest, as is shown on Mr. Drescher's videotape. PO Jarjokian's contribution to this mess was to process Mr. Drescher and fill out police paperwork and a sworn Criminal Court complaint that accused Mr. Drescher of actions that he clearly did not do, as is plainly obvious by viewing the videotape made by Mr. Drescher that day.

Mr. Drescher's OLBS worksheet and Criminal Court Complaint are faxed along with this letter as **Exhibit A**. The OLBS worksheet was authored by PO Jarjokian and states in field 21 that Mr. Drescher was arrested at 40th Street and 6th Avenue. The narrative (field 11) that gives the purported reason for Mr. Drescher's arrest states that "At T/P/O [time and place of occurrence] informed by P.O. Shanon [sic] deft was in a group of bicyclist traveling on several city streets did plow through 2 police barriers (scooters) and disobeyed signals." PO Shannon

1

however, stated that to the best of his recollection he was not the informing officer for any arrests that took place anywhere other than at 37th Street and 7th Avenue.[1]

The story on the Criminal Court complaint signed by PO Jarjokian changes from that on the OLBS worksheet he authored concerning Mr. Drescher, however. The Criminal Court complaint makes no reference to any information having been provided by PO Shannon, and PO Jarjokian now signs this sworn accusatory instrument stating that he personally observed Mr. Drescher turn left onto West 41st Street from 6th Avenue into a police barricade (which is also clearly contradicted by Mr. Drescher's videotape).

The John Doe White Shirt is the one who is depicted on Mr. Drescher's videotape ordering his arrest as Mr. Drescher was attempting to videotape a bicyclist who was on the ground after having been struck by a police vehicle, and as Mr. Drescher attempted to comply with the John Doe White Shirt's instructions. As explained in my letter of July 30, 2007, Mr. Drescher when pro se named this John Doe White Shirt him as a defendant in the suit, and sought his identity via discovery requests (which were not responded to). After entering my appearance as counsel, I also sought this individual's identity, directed further discovery requests to him (which were not responded to), and noticed his deposition which the Court has twice "So Ordered" for a date certain that he was not identified in time for, nor produced at.

Plaintiffs have long diligently tried to identify and depose this individual so that the "John Doe" could be named with his true name as a defendant in an Amended Complaint to be filed prior to the passage of the Statute of Limitations which, absent any tolling considerations, will pass on August 29th of this month.

For the foregoing reasons, and the reasons given in Plaintiffs' letter to the Court of July 30, 2007, Plaintiff respectfully submits that the relief sought therein is appropriate and should be granted. Preclusion of this John Doe's testimony is consistent with the Court's June 14, 2007 Order in the Coburn (and other) RNC cases[2].

I thank the Court for its patience and consideration in this matter.

*[Handwritten: Application granted. Defendants are precluded from relying on this unless if he is ever identified. 8/8/07]*

Respectfully submitted,

Jeffrey Rothman

cc: Fred Weiler, Esq. (by e-mail distribution list)
All RNC counsel (by e-mail distribution list)

*[Handwritten: SO ORDERED. James C. Francis IV USMJ]*

---

[1] PO Shannon was a very busy man that day. He was the "informing officer" on other officers' OLBS worksheets who then signed Criminal Court complaints for probably all of the 67 people arrested that day at 37th Street and 7th Avenue. His deposition testimony, in which he narrates in detail how he tracked all 67 of those people as they rode through various twists and turns throughout midtown Manhattan, was an example of pure vaudevillian absurdity. Excerpts from PO Shannon's deposition, concerning his being the informing officer on other officers' OLBS worksheets and then signing the Criminal Court Complaints for these 67 people arrested at 37th and 7th, and only for people arrested at that location, are faxed along with this letter as **Exhibit B**.

[2] That June 14, 2007 Order is faxed along with this letter as **Exhibit C**.