Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

**MEMO ENDORSED**

August 30, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07

By Fax
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street - Room 1960
New York, NY 10007

    Re:    <u>Drescher v. City of New York, et al.</u>, 05 Civ. 7541 (KMK)(JCF)

Dear Judge Francis:

    As counsel for plaintiff in the above-captioned RNC case, I write to amend the relief sought in my letter to the Court of August 21, 2007, in which I requested that the Court compel production of responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents by this Friday, August 24, 2007 - and particularly to provide a proper response to Interrogatory No. 23 by that date - so that Plaintiff could be sure to have all necessary Defendants named in an amended complaint to be filed (or a motion to amend the complaint filed) by the passing of the statute of limitations (absent any tolling considerations), which occurred yesterday, August 29, 2007.

    Plaintiff now, in light of Defendants' emailed response (and lack of a full response to the interrogatory), respectfully requests an order from the Court:

        1)    Declaring that no defendant has personal knowledge of Mr. Drescher's actions or conduct prior to his arrest in the vicinity of 41st Street and 6th Avenue on August 29, 2004, which provided the alleged probable cause for his arrest - except that Defendants may argue as they deem appropriate from the testimony of those three of five individuals (Captain Dowling, PO Shannon, and PO Jarjokian) that Defendants have identified as having knowledge of the events at that location who been deposed[1] thus far, as to the existence or lack of existence of probable cause to arrest Mr. Drescher; and

        2)    Compelling complete discovery responses for a date certain as the Court deems appropriate.

    At the RNC status conference on Friday, August 24, 2007 the Court directed defendants to provide me with discovery responses by Monday, August 27, 2007, particularly with regard to

---

[1] As the Court is aware, an application is pending to continue the deposition of Captain Dowling.

Interrogatory No. 23, which asked defendants to "[i]dentify each member of the New York City Police Department with any personal knowledge of plaintiff's actions or conduct prior to his arrest in the vicinity of 41st Street and 6th Avenue on August 29, 2004, which provided the alleged probable cause for his arrest."[2]

While Plaintiff was particularly concerned to have an answer with regard to two individuals, Sergeant MacShane and Lieutenant Van Houten, who were the two remaining individuals who were listed as having general knowledge of the events at 41st Street and 6th Avenue[3], where Mr. Drescher was arrested, who I had not deposed in this matter, as the Court understood and summarized crisply, I needed an answer to Interrogatory No. 23 that would tell me if *anyone* (not just MacShane and Van Houten) claims to have individualized knowledge of anything Mr. Drescher did prior to and up to the point of his arrest.

That question has now been answered with regard to MacShane and Van Houten by email from Mr. Weiler on Monday, August 27, 2007 (See **Exhibit A** hereto - my email to Mr. Weiler and his response), but, contrary to the Court's instruction at Friday's conference, the Defendants have not answered any of my discovery requests, and particularly not Interrogatory No. 23 (except as regards MacShane and Van Houten).

My email to Mr. Weiler to which he responded in **Exhibit A** only referenced MacShane and Van Houten, simply because I did not expect that other witnesses would emerge who had not been previously identified on Ms. Jacobi's witness list (and I would have objected to that in any case if it had occurred). Defendants seem to have seized upon this as a reason to disregard the instruction of the Court to provide a proper response to Interrogatory No. 23 by Monday, August 27, 2007.

Defendants have now answered the Interrogatory with regard to MacShane and Van Houten, and I have filed my motion for leave to file an amended complaint for Mr. Drescher and accordingly did not see a reason to name them as defendants, in light of the other evidence adduced to date (and I likely will not feel the need to seek to depose them). However, given the long period of time that has passed since Defendants have been served with Plaintiff's discovery requests, and the failure to provide a proper response prior to the passage of the statute of limitations and pursuant to the Court's instructions at Friday's conference, it would be fundamentally unfair should Defendants try to, when they finally do respond to the Interrogatory,

---

[2] As noted in my letter to the Court of August 21, 2007, the following definitions were incorporated into Interrogatory No. 23:
"For purposes of Interrogatory No. 23, the following definitions shall apply:
A.    The term "person" is defined as any natural person.
B.    The term "personal knowledge" is defined as first-hand observation of the actions or conduct of the particular plaintiff specified, as distinguished from (a) first-hand observation of a group of persons in or around the plaintiff's general vicinity, and (b) information relayed by another member of the New York City Police Department concerning the particular plaintiff's actions or conduct. If the latter, the individual who relayed the information shall be identified and the response shall state whether that individual, in turn, has personal knowledge of the plaintiff's actions or conduct.
C.    Defendants' response to Interrogatory No. 23 asking them to "identify" a person or persons shall include, to the extent known, each person's full name, title, and present or last known precinct or command assignment."

[3] See Exhibit B to my August 21, 2007 letter to the Court at section K (page 9 of SACC Liora Jacobi letter listing individuals with knowledge of events at various RNC arrest locations).

2

As Mr. Weiler stated at the conference on Friday, defendants take the position that Officer Jarjokian "saw the whole thing" and had probable cause to arrest Plaintiff. I deposed Officer Jarjokian, and I will argue that what he saw most certainly did not establish probable cause. That issue will be resolved before the Court in due course. What would be fundamentally unfair, however, would be for Defendants to spring some new names of persons who purport to have individualized knowledge, when they ultimately get around to responding to Interrogatory No. 23 as part of their eventual discovery responses. Plaintiff therefore requests that the Court bar Defendants from doing that. Such an Order would be consistent with the Court's Order of August 8, 2007 (see, **Exhibit B** hereto), which precluded Defendants' reliance on testimony from the unidentified white shirt who arrested Mr. Drescher who was not identified prior to his twice "So Ordered" deposition.

For the foregoing reasons, and referencing the background information and exhibits contained in my letter to the Court of August 21, 2007, Plaintiff therefore respectfully requests an order from the Court:

1) Declaring that no defendant has personal knowledge of Mr. Drescher's actions or conduct prior to his arrest in the vicinity of 41st Street and 6th Avenue on August 29, 2004, which provided the alleged probable cause for his arrest - except that Defendants may argue as they deem appropriate from the testimony of those three of five individuals (Captain Dowling, PO Shannon, and PO Jarjokian) that Defendants have identified as having knowledge of the events at that location who been deposed thus far, as to the existence or lack of existence of probable cause to arrest Mr. Drescher; and

2) Compelling complete discovery responses for a date certain as the Court deems appropriate.

I thank the Court for its patience and consideration in this matter.

Respectfully submitted,

Jeffrey Rothman

cc:  Fred Weiler, Esq. (by e-mail distribution list)
     All RNC counsel (by e-mail distribution list)

9/6/07

Application granted. The defendants shall respond to plaintiffs' outstanding discovery demands by September 20, 2007. Also, defendants are not precluded from alleging probable cause based on "group" actions, where Mr. Drescher is asserted to have been a member of the group.

SO ORDERED.

James C. Francis IV
USMJ