**MEMO ENDORSED**

**MEMO ENDORSED**

**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/4/08

April 3, 2008

BY FAX
The Honorable Richard J. Sullivan
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street – Room 615
New York, NY 10007

Re:   *Coburn, et al. v. City of New York, et al.*, 05 Civ. 7623 (RJS) (JCF);
      *Phillips, et al. v. City of New York, et al.*, 05 Civ. 7624 (RJS) (JCF);
      *Sloan, et al. v. City of New York, et al.*, 05 Civ. 7668 (RJS) (JCF);
      *Galitzer v. City of New York, et al.*, 05 Civ. 7669 (RJS) (JCF);
      *Bastidas, et al. v. City of New York, et al.*, 05 Civ. 7670 (RJS) (JCF);
      *Xu, et al. v. City of New York, et al.*, 05 Civ. 7672 (RJS) (JCF);
      *Sikelianos v. City of New York, et al.*, 05 Civ. 7673 (RJS) (JCF);
      *Drescher v. City of New York, et al.*, 05 Civ. 7541 (RJS) (JCF);

Dear Judge Sullivan:

     I am counsel for Plaintiffs in the above-captioned RNC cases that have been consolidated for discovery purposes before Your Honor and Judge Francis. I write to join the opposition faxed to chambers earlier today of MacNamara counsel Jonathan Moore and Clare Norins to counsel for Defendants' James Mirro's application of today seeking to file an oversized reply brief in further support of Defendants' Rule 72 Objections to Magistrate Judge Francis' January 23, 2008 Order permitting plaintiffs to amend their complaints.

     I also write to respectfully request that the Court decline to accept any reply papers from Defendants, and to consider the matter fully briefed. Mr. Mirro purports to inform the Court that "[t]his brief is due on Monday, April 7, 2008" but Plaintiffs believe this statement to be plainly incorrect. In fact, in correspondence with the Court on February 1, 2008[1], Mr. Mirro notes that Plaintiffs in the above-captioned cases consented to a schedule that would have had Defendants' reply papers be due on March 31, 2008. While Mr. Mirro's second letter of February 1st notes that plaintiffs' counsel in other RNC cases (Alan Levine and Michael Spiegel) requested an extra week for answering and reply papers, Defendants had no grounds to assume that such a schedule was in place. This is particularly so in that Plaintiffs' consolidated opposition papers were served and filed on March 17, 2008, pursuant to the deadline agreed upon in Mr. Mirro's original letter

---

[1] That correspondence of February 1, 2008 - an initial letter from Mr. Mirro, a response from myself, and a second letter from Mr. Mirro - are annexed hereto as **Exhibit A**.

request to the Court of February 1st (which consolidated opposition was submitted by Mr. Levine, Clare Norins and myself).

Plaintiffs adhered to the deadline that was agreed upon by all parties, and we could well have used the extra week to further prepare our opposition papers. Defendants should not now be permitted to take an extra week for themselves, when plaintiffs have never agreed to it.[2]

I note that refusal of the Court to entertain Defendants' reply papers is particularly appropriate in the instant case in light of Defendants' recent position with regard to Rule 72 Objections I submitted on behalf of plaintiffs in the Phillips and Sikelianos cases concerning Judge Francis' dismissal of emotional distress claims for Plaintiffs' refusal to provide access to mental health records and information. See, pages 24 and 25 of Defendants' March 6, 2007 Memorandum of Law in Opposition to Plaintiffs' Rule 72 Objections (those pages of Defendants' brief, along with pages 7-8 of Plaintiffs' March 24, 2008 reply addressing that point, are annexed hereto as **Exhibit B**).

Defendants should not be permitted to ask the Court to take such a harsh procedural position with regard to Plaintiffs' Rule 72 objections (which indeed were timely filed), and at the same time for Defendants to take such unwarranted liberties with their own responsibilities to timely file their own briefs.

For the foregoing reasons, plaintiffs respectfully request that the Court not entertain any reply papers from the Defendants concerning their Rule 72 Objections to Judge Francis' January 23, 2008 Order and, in the event the Court does so entertain the reply, that Defendants' request to submit an oversized brief be denied.

I thank the Court for its patience and consideration in this matter.

Sincerely yours,

Jeffrey A. Rothman
[JR-0398]

cc:   All RNC Counsel (by email)

> By previous order, dated April 3, 2008, the Court authorized the filing of a reply brief by defendants "not to exceed 15 pages." Nevertheless, the Court is highly mindful of the arguments and equities articulated above.
>
> SO ORDERED
> Dated: 4/3/08
> RICHARD J. SULLIVAN

---

[2] Plaintiffs are not aware of any "So Ordered" endorsement by the Court concerning a briefing schedule for this matter (I have left a voice message for Mr. Mirro as to whether one indeed exists and somehow escaped me, and Clare Norins has also emailed Mr. Mirro in that regard, but I have not heard anything back). Absent agreement of the parties or Order of the Court to the contrary, of course, Local Rule 6.1 governs the timing for service and filing of motion papers. Absent a Court Order, a party is simply not permitted to unilaterally extend its time to reply.